UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDUO GUO, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS WOODMAN, et al., <br><br> Defendants. | Case No. 18-cv-00920-MEJ <br><br> **ORDER RE: MOTION TO FILE UNDER SEAL** <br><br> Re: Dkt. No. 7 |

## INTRODUCTION

Plaintiff Wenduo Guo moves to file under seal portions of his Complaint that contain information which Defendant GoPro, Inc. designated as confidential pursuant to a Confidentiality and Non-Disclosure Agreement (the "Agreement"). Mot., Dkt. No. 7; *see* Compl., Dkt. No. 1; Unredacted Compl., Dkt. No. 11-2. Having considered the parties' arguments and the relevant legal authority, the Court issues the following order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), a party must "articulate compelling reasons supported by specific factual findings," *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citation omitted). Indeed, such showing is required even where "the [] motion, or its attachments, were previously filed under seal or protective

order." *Kamakana*, 447 F.3d at 1179.

The strong presumption of public access to judicial documents applies to such motions because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* The presumption does not apply in the same way to motions that are "not related, or only tangentially related, to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1099. With such motions, "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party seeking to seal documents attached to such motions nevertheless must meet the lower "good cause" standard under Rule 26(c). *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). This requires the party to make a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed. *Phillips*, 307 F.3d at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and edits omitted).

Civil Local Rule 79-5(b) also requires that a sealing request "must be narrowly tailored to seek sealing only of sealable material." "Where a party seeks to file under seal a document designated as confidential by the opposing party pursuant to a protective order, the designating party must submit a declaration establishing the material sought to be sealed is sealable. Civ. L.R. 79-5(e)(1).

**DISCUSSION**

The Court applies the compelling reasons standard to this sealing request. *See Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) ("Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies." (collecting cases)).

GoPro counsel Marie Bafus declares the proposed redactions "purport[] to refer to, quote, and characterize documents produced by GoPro" at Plaintiff's request and pursuant to the Agreement. Bafus Decl. ¶¶ 3-4, Dkt. No. 11; *see* Agreement, Dkt. No. 7-2. The information

2

1  contained therein is "competitively sensitive" and relates to "product-specific financial sales and

2  information, as well as product-specific marketing and launch strategies" which GoPro "takes

3  great measure to keep . . . confidential." Bafus Decl. ¶ 4. The proposed redactions also concern

4  "confidential information contained in Board meeting agendas, minutes, packages, and

5  presentations" and "product information regarding GoPro's Karma product[.]" *Id.* ¶ 7. If made

6  public, this information would provide GoPro's competitors with insight as to "GoPro's business

7  strategy . . . , GoPro's and its suppliers' capacity to build certain products, . . . the value of

8  GoPro's business in certain product areas[,]" and information and marketing strategies. *Id.* ¶ 9.

9  This would allow competitors to compete more effectively against GoPro and cause GoPro

10 competitive harm. *Id.*

11 GoPro has demonstrated specific harm may result if this confidential information is made

12 public and thus has established compelling reasons for sealing. *See, e.g.*, *In re Google Inc. Gmail

13 Litig.*, 2014 WL 10537440, at \*5 (N.D. Cal. Aug. 6, 2014) (finding compelling reasons support

14 sealing where moving party established specific ways information could cause harm if publicly

15 disclosed). Moreover, the proposed redactions are narrowly tailored. *See* Civ. L.R. 79-5(b).

16 Accordingly, the Court **GRANTS** the Motion to Seal.

17 **IT IS SO ORDERED.**

18

19 Dated: February 21, 2018

20
                                                _____
21                                              MARIA-ELENA JAMES
                                                United States Magistrate Judge